IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN PAUL ROTH, | § | |
| | § | |
| V. | § | A-13-CV-524-SS |
| | § | |
| MIKE PEARCE, | § | |
| WARDEN, FCI BASTROP, | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner John Paul Roth's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1); and Respondent Mike Pearce's Response to Petition (Dkt. No. 8).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  BACKGROUND**

Petitioner John Paul Roth ("Roth"), Federal Register Number 76094-079, is currently serving a 264-month term of imprisonment for Conspiracy With Intent To Distribute More Than 1000 Kilograms of Marijuana and Conspiracy to Launder Money. According to the BOP, his projected release date, including good conduct time, is September 9, 2017. On October 7, 1994, Roth was arrested by the McAllen, Texas, Police Department for Possession of Marijuana, case number CR-043-95-A. On February 28, 1996, Roth was arrested in Hebbronville, Texas, for Possession of 62 pounds of Marijuana, case number 1799. On September 3, 1996, Roth was sentenced in case

number 1799 to a 5-year term of probation and $1000.00 fine. On September 9, 1996, Roth was sentenced in case number CR-043-05-A to an 8-year term of probation and a $2000.00 fine. *See* Declaration of Robert C. Jennings (hereinafter "Jennings Decl.") Exhibit B to Response.

On December 3, 1996, Roth was arrested by the Houston Texas Police Department for: (1) Possession of a Controlled Substance, case number 739315 and; (2) Possession of Cocaine, case number 739313. He was also arrested by the Drug Enforcement Agency for the offenses of Conspiracy to Possess with Intent to Distribute more than 1,000 Kilograms of Marijuana and for Money Laundering. On August 29, 1997, Roth was sentenced in case numbers 739315 and 739313 to serve a term of 20 years imprisonment. Roth was given credit on his state sentence from December 3, 1996, through August 28, 1997. Between May 1997 and January 1999, while serving his state sentence, Roth was temporarily released (on various dates) from state custody into the custody of the United States Marshals Service (USMS) pursuant to a federal writ. *Id.*

On January 27, 1999, Petitioner was sentenced in the United States District Court, Southern District of Texas to a 264 month term of imprisonment for Conspiracy With Intent To Distribute More Than 1000 Kilograms of Marijuana and for Conspiracy to Launder Money. Following the federal sentencing, Roth was returned to state authorities in Texas to complete the service of the state sentence, and a federal detainer was filed. *Id.* On February 25, 1999, the United States District Court for the Southern District of Texas amended the federal judgment for the federal sentence to be served concurrently with the State of Texas sentence. On May 30, 2001, Roth was released from his state sentence to the custody of the USMS for designation to a federal facility. *Id.*

The BOP has computed Roth's federal sentence to commence on the date of sentencing on January 27, 1999, as ordered by the sentencing court. Roth received prior custody credits for the

time periods covering the day October 7, 1994, and February 28, 1996, to February 29, 1996, because that time was not credited to any other sentence. Roth also received 269 days of *Willis* credits due to the federal sentence running concurrently with the state sentence (December 3, 1996, to August 28, 1997). The parties agree that Roth has exhausted the issues raised in this habeas petition through BOP's Administrative Remedy System. *Id.*

In his instant petition, Roth brings a single claim under 28 U.S.C. § 2241. He alleges that the BOP has miscalculated his sentence by failing to award him credit for time he served from August 29, 1997 to January 27, 1999, the time period in which Roth had been sentenced by the state court for his state drug offenses and was in state custody and had yet to be sentenced by the federal court. The parties do not dispute that during this time Roth was sometimes "borrowed" by federal officials pursuant to a federal writ of habeas corpus ad prosequendum for purposes of his federal criminal prosecution. Roth argues there are "mitigating factors" that make him eligible for federal credit for this time. The BOP asserts that Roth has already received credit for this time for his state sentence, and that he cannot receive double credit under 18 U.S.C. § 3585(b). Consequently, the BOP requests that this Court deny Roth's instant § 2241 petition.

## II. STANDARD OF REVIEW

Because Roth filed his habeas petition pro se, his "'complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)), and liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir.

1997).  Nevertheless, pro se litigants are still required to provide sufficient facts to support their claims.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

28 U.S.C. § 2241 "is correctly used to attack the manner in which a sentence is executed." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citation omitted). A petition for a writ of habeas corpus may be granted by a district court if the prisoner can show "[h]e is in custody in violation of the Constitution or laws or treaties of the United States [.]" 28 U.S.C. § 2241(c)(3). Roth's claims are properly brought in this court pursuant to 28 U.S.C. § 2241.

### III.  ANALYSIS

Roth alleges that he should receive federal sentencing credit for time he served in state custody from August 29, 1997, to January 27, 1999 for various reasons.  First, he argues that he he entitled to federal credit because his arrest was exclusively the product of the actions of the DEA who induced the state to secure a search and arrest warrant.  Second, Roth argues that he could have obtained bail on the state charges against him thereby ensuring placement in federal custody and receiving federal credit; but instead he remained in state custody because a federal detainer was lodged against him.  Third, Roth argues that his federal conspiracy predates and encompasses the state charges that were brought against him thereby entitling him to relief pursuant to *Kayfez v. Gasele*, 993 F,2d 1288, 1289-90 (7th Cir. 1993).

**A.**     **18 U.S.C. § 3585(b) Precludes Double Sentencing Credit**

In support of Roth's argument that his state arrest and charges were due exclusively to the actions of federal agents thereby entitling him to jail time, he relies on *United States v. Harris*, 876 F.2d 1502, 1503 (11th Cir. 1989), and *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir.1971).  In *Ballard* the Fifth Circuit explained that "time spent in State custody must be credited toward time

4

served on a Federal sentence if the continued State confinement was exclusively the product of such action by Federal law-enforcement officials as to justify treating the State jail as the practical equivalent of a Federal one." *Ballard*, 449 F.2d at 869. In other words, "[i]f the Federal detainer alone prevented [the prisoner's] release from State confinement, credit must be given." *Id.* However, *Ballard* interpreted the time-crediting statute in effect at the time, 18 U.S.C. § 3568.[1] Section 3568 was repealed by the Sentencing Reform Act of 1984 and replaced by § 3585. *Wahl v. Bureau of Prisons Officers*, 281 F. App'x 359, 360 (5th Cir. 2008). So even if Roth could sustain his burden to show that the time in state custody was exclusively the product of federal law enforcement officers, such credit is only available if 18 U.S.C. § 3585(b) is applicable.[2] But because Roth's detention occurred after November 1, 1987, § 3568 and *Ballard* do not apply. *See Ciraolo v. BOP*, Civil No. 10–1282(RMB), 2011 WL 4352570 at *5 (D. N.J. Sept. 15, 2011) ("time served on a federal detainer does not qualify as federal prior custody credit if that time has been credited against another sentence"). Similarly, *Harris* is inapplicable to the instant case, even though occurring after 18 U.S.C. § 3585(b) went into effect, because unlike the instant case, the *Harris* defendants were given federal credit for time spent in state custody that was not credited to a state sentence.

Roth was sentenced pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3585. Jennings Decl., Ex. B to Response. Calculation of credit for Roth's time served is determined by the provisions of subsection (b), which states that:

---

[1] 18 U.S.C. § 3568 (1982) (repealed effective Nov. 1, 1987 by Pub.L.No. 98-473, tit. II, § 212(a)(2), 98 Stat.1987, 2031 (1984)).

[2] Roth also erroneously relies on *Davis v. Att'y Gen.*, 425 F.2d 238, 240 (5th Cir.1970), *United States v. Haney*, 711 F.2d 113, 114 (8th Cir.1983) (per curiam), and *Savage v. Henderson*, 475 F.2d 78, 79 (5th Cir. 1973). These cases all interpreted the superseded 18 U.S.C. § 3568, and are therefore not relevant precedent to this case.

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). In enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). When time served has already been credited against a state sentence, the BOP is not required to credit that time to a federal sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003). In this case, Roth has already received state sentence credit for the time in issue and thus cannot receive federal credit. *See Vega v. United States*, 493 F.3d 310 (3rd Cir. 2007).

**B.     Exceptions**

Pursuant to *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), and *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the BOP has created a limited exception to § 3585(b)'s rule against double credit. BOP policy is to award presentence custody credits already credited to a concurrent state sentence where the BOP has determined that the credits will be of "no benefit" to the federal prisoner. Roth argues that he is eligible for double credit pursuant to *Kayfez*.[3]

However, *Kayfez* is inapplicable to Roth because it does not permit federal credit for time served "after the state sentence was imposed but before the federal sentence was pronounced." *Rios v. Wiley*, 201 F.3d 257, 273 n. 13 (3d Cir. 2000); *see also Martinez v. Menifee*, 2006 WL 3771987,

---

[3]Roth has already been credited for the time from December 3, 1996, through August 28, 1997, pursuant to *Willis*, and does not assert he is entitled to more *Willis* credit.

*5 (W.D. La. Nov. 21, 2006) (holding *Kayfez* exception does not apply for pre-sentence time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum ). In this case, Roth is requesting credit for time he served in state custody from August 29, 1997, to January 27, 1999, dates the span the period of time after his state sentence was imposed but prior to the pronouncement of his federal sentence. Accordingly Roth is not entitled to credit on this basis either.

## IV.  RECOMMENDATION

In light of the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of September, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE